UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROY L. LIPPMAN,                                        :        **DECISION & ORDER**
                                                       :        20-CV-973 (WFK)
                            Appellant,                 :
                                                       :
              v.                                       :
                                                       :
BIG SIX TOWERS, INC., *et al.*,                        :
                                                       :
                            Appellees.                 :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**  Roy L. Lippman ("Appellant"),
proceeding pro se, appeals the final order of the United States Bankruptcy Court for the Eastern
District of New York, dismissing his personal bankruptcy case, 18-BK-40801, pursuant to 11
U.S.C. § 1112(b)(4).  For the reasons discussed below, the bankruptcy court's dismissal order is
AFFIRMED and this appeal is DISMISSED.

## BACKGROUND

Roy L. Lippman ("Appellant") owns a shareholder interest in a cooperative corporation,

known as Big Six Towers, Inc. ("Big Six").  Bankr. Case No. 18-BK-40801 ("Bankr."), ECF No.

29, Exh. C.  Bix Six owns the apartment building located at 59-10 Queens Blvd. in Woodside,

New York where Appellant resides.  Prior to filing the bankruptcy case described below,

Appellant brought four state-law tort actions against Big Six and its representatives or employees

in New York State Court.  *See Lippman v. Goodman and Roberts*, 15-CV-005914 (N.Y. Civ. Ct.,

Queens Cnty.); *Lippman v. Becker*, 15-CV-00464 (N.Y. Civ. Ct., Queens Cnty.); *Lippman v.

Newman*, 15-CV-004648 (N.Y. Civ. Ct., Queens Cnty.); *Lippman v. Big Six Towers, Inc.*, 16-

CV-123572016 (N.Y. Sup. Ct., Queens Cnty.).  Additionally, Big Six brought a non-payment

proceeding seeking to evict Appellant in New York State housing court.  *Big Six Towers, Inc. v.

Lippman*, No. LT-74231-17 (N.Y. Civ. Ct. (Housing Part) Queens Cnty.).

On February 14, 2018, Appellant filed a voluntary petition for relief under Chapter 7 of

the United States Bankruptcy Code, 11 U.S.C. § 701 *et seq.*  Bankr., ECF No. 1.  In his petition,

Appellant listed Appellee, Big Six as a nonpriority unsecured creditor with a total claim of $13,700.00.  *Id.* at 23.  Following a motion by Appellant, the case was converted to a case under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*  Bankr. ECF No. 20.

Once Appellant filed for bankruptcy, an automatic stay applied to the eviction proceedings against him.  On August 24, 2018, Appellees filed a motion seeking to lift the automatic stay with respect to Appellant's apartment to allow Appellees to "exercise and enforce all its rights and remedies as a Lessor by . . . permitting [Appellees] to proceed with its state remedy and obtain immediate possession of the premises."  Bankr. ECF No. 28 at 3.  The basis of the motion was Appellant's "fail[ure] to remit post-petition maintenance and additional maintenance from March 2018 through August 2018."  *Id.*  Appellant filed an opposition to the motion.  Bankr. ECF No. 29.  On January 30, 2019, the bankruptcy court entered an order lifting the automatic stay for the purpose of allowing the eviction action to proceed until the entry of judgment.  Bankr. ECF No. 51 at 2.  The order expressly stated "the enforcement of any judgment entered . . . remains stayed pursuant to §362(a) of the Bankruptcy Code until further order of this Court."  *Id.*  On February 21, 2019, Appellant filed a notice of appeal with respect to the January 30, 2019 order of the bankruptcy court, thereby commencing case number 19-CV-1470 before this Court (the "First Appeal").

On March 29, 2019, Big Six filed a proof of claim against Appellant for $13,911.68. Claim No. 7, Claims Register, 18-BK-40801 (Bankr. E.D.N.Y.).  On April 16, 2019, Appellant filed an objection to Appellees' claim, arguing he "does not and never did owe [Appellees] the sum claimed and in fact has a credit due him."  Bankr. ECF No. 74 at 1.  Appellees submitted a reply to Appellant's claim objection on June 17, 2019.  Bankr. ECF No. 90.  On August 22, 2019, the bankruptcy court overruled Appellant's claim objection.  Bankr. ECF No. 97.

Appellant filed a notice of appeal of the August 22, 2019 order on October 11, 2019, Bankr. ECF No. 114, thereby commencing case number 19-CV-5243 in this Court (the "Second Appeal").

Notwithstanding the Second Appeal, on November 13, 2019, Appellant filed a motion to reargue the August 22, 2019 order.  Bankr. ECF No. 123.  Appellees filed an objection to the motion to reargue on December 10, 2019.  Bankr. ECF No. 133.  On December 23, 2019, the bankruptcy court denied the motion to reargue.  Bankr. ECF No. 137.  On January 7, 2020, Appellant filed a notice of appeal of the December 23, 2019 order, Bankr. ECF No. 140, thereby commencing case number 20-CV-59 in this Court (the "Third Appeal," and collectively with the First Appeal and the Second Appeal, the "Appeals").

On February 9, 2020, upon motion from the United States Trustee, the bankruptcy court dismissed Appellant's bankruptcy case in its entirety.  Bankr. ECF No. 155.  At the hearing on the motion to dismiss, the judge stated,

> [T]his bankruptcy serves no purpose because there's no stay, no plan can be confirmed without Big Six's agreement, and there are no other creditors who need to be paid, or from whom Mr. Lippman would require protection. So, respectfully, I am granting the United States Trustee's motion to dismiss.

Record of Bankruptcy Proceedings ("Record"), ECF No. 6 at 213.

On September 29, 2020, this Court granted Appellees' motion to dismiss all three of the pending Appeals.  *See* 19-CV-1470, ECF No. 30; 19-CV-5243, ECF No.30; 20-CV-59, ECF No. 30.  The Court found the Appeals were untimely and moot in light of the February 9, 2020 order dismissing Appellant's bankruptcy case in its entirety.  *Id.*

On February 20, 2020, Appellant appealed the bankruptcy court's order dismissing his case, thereby commencing this case, 20-CV-973.  For the reasons that follow, the bankruptcy court's order dismissing Appellant's Chapter 11 case is AFFIRMED and this appeal is DISMISSED.

3

**LEGAL STANDARD**

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court.  28 U.S.C. § 158(a)(1).  On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo* and its factual findings for clear error.  *See Wenegieme v. Macco*, 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (Bianco, J.) (citing *Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d 100, 103 (2d Cir. 2000)); *Washington v. Chapter 13 Tr.*, 19-CV-7028, 2020 WL 5077403, at *2 (E.D.N.Y. Aug. 26, 2020) (Chen, J.) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d at 103).  Discretionary rulings of a bankruptcy court are reviewed for abuse of discretion.  *See Sterling v. 1279 St. John's Place, LLC (In re Sterling)*, 737 F. App'x 52, 53 (2d Cir. 2018) (summary order).  Because the decision to dismiss a bankruptcy case under § 1112(b) is a discretionary ruling, this Court reviews the bankruptcy court's dismissal of Appellant's Chapter 11 case for abuse of discretion.  *In re Taylor*, 97-CV-5967, 1997 WL 642559, at *1 (S.D.N.Y. Oct. 16, 1997) (Baer, J.)

**DISCUSSION**

**I.      The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing Appellant's Chapter 11 Case**

Title 11 U.S.C. § 1112(b) provides that on the request of a party in interest, after notice and a hearing, "the court shall convert a case [under chapter 11] to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause."  11 U.S.C. § 1112(b)(1).  Section 1112(b)(4) enumerates a number of factors which may demonstrate "cause" for conversion or dismissal, including substantial or continuing loss to or diminution of the estate, and the absence of a reasonable

4

likelihood of rehabilitation; gross mismanagement of the estate; failure to file a disclosure statement, or to file or confirm a plan; inability to effectuate substantial consummation of a confirmed plan; and failure to pay required fees.  *See* 11 U.S.C. § 1112(b)(4).  This list is non-exhaustive, *see In re C-TC 9th Ave. Partnership*, 113 F.3d 1304 (2d Cir. 1997), and the bankruptcy court may dismiss a case for reasons other than those specified in § 1112(b)(4) as long as those reasons establish "cause."  *See In re The 1031 Tax Group, L.L.C.*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007) (Glenn, J.).  The bankruptcy court has wide discretion to determine if "cause" exists and how to ultimately adjudicate the case.  *Id.*; *see also Berg v. Adams*, 08-CV-5548, 2010 WL 11710871, at *1 (S.D.N.Y. Sept. 17, 2010) (Batts, J.).

## A. The Bankruptcy Court Did Not Abuse its Discretion in Finding Appellant Failed to Propose a Confirmable Plan

In addition to the specifically enumerated examples of "cause" laid out in § 1112(b)(4), it is well established that a bankruptcy court can dismiss a debtor's case because of the debtor's inability to confirm a feasible plan of reorganization.  *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (Strong, J.); *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) (explaining the "inability to confirm a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case"), *aff'd*, 09-3775, 2009 WL 3856498 (E.D. Pa. Nov. 13, 2009).

Subject to an exception not relevant in this case, a plan may be confirmed only if it meets every subsection of § 1129(a).  *See* 11 U.S.C. § 1129(a) (explaining a plan can be confirmed "only if all of the [§ 1129(a)] requirements are met").  One requirement of § 1129(a) is that the plan either pay all creditors in full, or if not, that at least one impaired class of creditors has voted in favor of the plan.

The record in this case supports the bankruptcy court's finding that Appellant could not meet the statutory requirements under § 1129(a) for confirmation of his plan. Big Six was the only creditor in Appellant's bankruptcy case. Record at 196. Appellant's plan did not propose to pay Big Six in full, nor would Big Six vote in favor of Appellant's proposed plan. Bkr. ECF Nos. 34, 122. Therefore, the bankruptcy court correctly concluded that Appellant could not satisfy the requirements of §1129(a).

Accordingly, the bankruptcy court did not abuse its discretion in finding Appellant's inability to propose a confirmable plan constituted "cause" under § 1112(b)(4) warranting dismissal. *See Babayoff*, 445 B.R. at 76–77 (finding "cause" under § 1112(b)(4) where secured creditor and creditor holding 99 percent of claims in class of unsecured creditors intended to vote against plan, thus presenting an "insurmountable obstacle to confirmation"); *In re SHAP, LLC, 427 B.R. 665* (Bankr. E.D. Mich. 2011) (dismissing reorganization case where debtor could not satisfy sections 1129(a)(10) or 1124); *In re Local Union 722 Int'l Bhd. of Teamsters*, 414 B.R. 443, 453 (Bankr. N.D. Ill. 2009) (finding "cause" under § 1112(b)(4) where impaired, controlling creditor objected to confirmation, thus rendering plan confirmation impossible); *In re B&B West 164th Street Corp.*, 147 B.R. 832, 842 (Bankr. E.D.N.Y. 1992) (Duberstein, J.) (finding "cause" present under § 1112(b)(4) where plan confirmation was not possible over objection of controlling creditor); *In re Northtown Realty Co., L.P.*, 215 B.R. 906, 911 (Bankr. E.D.N.Y. 1998) (Duberstein, J.) (citing *In re 266 Washington Assocs.,* 141 B.R. 275, 288 (Bankr. E.D.N.Y.) (Feller, J.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992) (Dearie, J.)) ("Bankruptcy courts are not required to retain Chapter 11 cases on their dockets which cannot achieve their *raison d'etre*, i.e., confirmation of a reorganization plan.").

6

**B.  The Bankruptcy Court Did Not Abuse its Discretion in Finding that Appellant's Chapter 11 Case No Longer Served Any Proper Bankruptcy Purpose**

Under § 1112(b), "cause" also exists when the debtor's bankruptcy case no longer serves a proper bankruptcy purpose and is instead nothing more than a non-bankruptcy two-party dispute.  *In re Toth*, 269 B.R. 587, 589 (Bankr. W.D. Pa. 2001) (dismissing two-party Chapter 11 case); *In re HBA E., Inc.*, 87 B.R. 248, 260 (Bankr. E.D.N.Y. 1988) (Feller, J.).  The bankruptcy court did not abuse its discretion in finding Appellant's case was in fact a two-party dispute and dismissing the case for this reason.

The provisions of Chapter 11 of the Bankruptcy Code are intended to reorganize a debtor's financial affairs, not to furnish the debtor with an alternative forum for pre-existing non-bankruptcy litigation.  *In re The Bridge to Life, Inc.*, 330 B.R. 351, 357 (Bankr. E.D.N.Y. 2005) (Feller, J.), *aff'd sub nom. In re Bridge To Life, Inc.*, 05-CV-19154, 2006 WL 1329778 (E.D.N.Y. May 16, 2006) (Sifton, J.) ("Chapter 11 was never intended to be used as a fist in a two party bout.  The Chapter is entitled reorganization and not litigation.").  Therefore, a Chapter 11 case that involves nothing more than a two-party non-bankruptcy dispute is inconsistent with the reorganization objectives of Chapter 11.

Here, it is uncontroverted, that Big Six was the only creditor in Appellant's bankruptcy case.  Record at 196.  As the bankruptcy court told Appellant, the correct forum for the remaining disputes between Appellant and Bix Six was Appellant's pre-bankruptcy state court actions not further litigation in bankruptcy court.  *See* Record at 198 ("[Y]ou don't really need this bankruptcy case . . . because you can't force them to accept a plan. . . . this case is not one . . . in which you are going to be able to accomplish anything that you would not be able to do in state court.").  This Court finds that the bankruptcy court did not abuse its discretion in

concluding Appellant's Chapter 11 bankruptcy case "serve[d] no further purpose" and determining that this constituted "cause" sufficient for dismissal.  Record at 212; *see C-TC 9th Ave. P'ship*, 113 F.3d at 1312 (affirming dismissal of Chapter 11 case where debtor's "financial problems involve only a two party dispute with [litigation adversary] that can be resolved in the pending state court action"); *In re Efron*, 529 B.R. 396, 406 (1st Cir. 2015) (cause to dismiss exists where there is a lack of true bankruptcy purpose in a case involving a two-party dispute between a single creditor and a debtor); *In re GEL, LLC*, 495 B.R. 240, 246 (Bankr. E.D.N.Y. 2012) (Craig, J.) (dismissing two-party, chapter 11 case); *In re The Bridge to Life, Inc.*, 330 B.R. 351 at (same).

### C.  This Court also finds "Cause" Under Bankruptcy Code § 1112(b)(4)(A)

This Court also affirms the bankruptcy court's dismissal of Appellant's Chapter 11 case because the record indicates that "cause" existed for dismissal under § 1112(b)(4)(A).  Section 1112(b)(4)(a) states "cause" for dismissal exists when there is both (1) a "substantial or continuing loss to or diminution of the estate," and (2) "the absence of a reasonable likelihood of rehabilitation."  11 U.S.C. § 1112(b)(4)(A); *see also In re FRGR Managing Member LLC*, 419 B.R. 576, 581 (Bankr. S.D.N.Y. 2009) (Glenn, J.) (both statutory prongs must be met).  Upon a review of the record, this Court finds both of these factors were present in Appellant's bankruptcy case.

Appellant's Schedule J and monthly operating reports, submitted to the bankruptcy court, established that he did not have sufficient income to meet his post-petition expenses.  At the outset of the bankruptcy case, Appellant stated he earned (-) $48.00 in net income per month.  *See* Bkr. ECF No. 1, Sch. J.   This deficit continued to exist at the conclusion of the Chapter 11 case.  According to the last operating report filed by Appellant in the case, for October 2019, he

had a monthly cash deficit of (-) $51.00, even without paying rent to Big Six for that month. Bkr. ECF No. 132.  That report showed that Appellant had accrued cash of only $616.95 during the pendency of the case, far short of the $17,629.26 needed to satisfy Big Six's aggregate, pre- and post-petition claims for rent.  *See id.*   Accordingly, the first prong of § 1112(b)(4)(A) was met.

Turning to the second prong, the record supports a conclusion that Appellant had no reasonable chance of rehabilitation.  Before the bankruptcy court dismissed the case, it had already been pending for over two years.  During that period, the record indicates Appellant fell further and further behind on his debts, as established by his final operating report, which showed a negative monthly deficit, a negligible cash flow, and a growing post-petition liability for rent owed to Big Six.  *See* Bkr. ECF. Nos. 132, 134.  Appellant is self-described as "retired senior living on social security."  Appellant's Affidavit in Opposition to Trustee's Motion, ECF No. 9 ¶ 3.  For these reasons, this Court is satisfied that no reasonable chance of rehabilitation existed and therefore "cause" to dismiss Appellant's bankruptcy case also existed under § 1112(b)(4)(A).

In sum, the Court has reviewed the bankruptcy court record and the filings in the instant action and has found no abuse of discretion in the bankruptcy court's dismissal of Appellant's Chapter 11 case.  Accordingly, this appeal is DISMISSED and the bankruptcy court's final order is AFFIRMED.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court dismisses Appellant's appeal and affirms the

bankruptcy court's dismissal of his bankruptcy case.  The Clerk of Court is respectfully directed

to enter judgment and close this case.

**SO ORDERED**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2021
      Brooklyn, New York

10